Filed 8/20/21  P. v. Moeun CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>SCOTT MOEUN,<br><br>        Defendant and Appellant. | A160686<br><br>(Alameda County<br>Super. Ct. No. 171030C) |

Scott Moeun appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1]  He contends the court erred by summarily denying his petition without appointment of counsel.  Because Moeun was convicted of attempted murder and voluntary manslaughter, and not murder, we conclude he was ineligible for relief as a matter of law and the failure to appoint counsel was harmless error.  We will affirm the order.

## I. FACTS AND PROCEDURAL HISTORY

An amended information charged Moeun in February 2014 with murder (§ 187, subd. (a)), three counts of attempted murder (§§ 187, subd. (a), 664), and shooting at an inhabited dwelling (§ 246).  The information further alleged as to each count that he personally discharged a firearm causing great bodily injury and death, personally used a firearm, and inflicted great

---

[1]     All statutory references are to the Penal Code.

bodily injury (§§ 12022.53, subds. (b), (c), (d) & (g); 12022.7).

A jury trial of Moeun and his four codefendants resulted in a mistrial in August 2015, with the jury deadlocked as to Moeun and a codefendant (other codefendants were convicted as charged).

A. Plea and Sentence

In April 2016, Moeun entered into a negotiated plea agreement by which he entered a no contest plea to voluntary manslaughter (§ 192, subd. (a); count one) and attempted murder (§§ 187, subd. (a), 664; count 3) and admitted personal firearm use as to both counts (§ 12022.53, subd. (b)). It was agreed that the remaining counts and enhancement allegations would be dismissed.

The probation department's sentencing report described the underlying incident as follows. Moeun was involved in a shootout in January 2012, when he and four other members of his gang, the Asian Street Walkers, fired upon a home where a birthday party was attended by members of the Oak Town Crips. Recovered from the crime scene were 129 cartridges and six shotgun shells that came from at least 11 guns. Approximately 89 of those casings (fired from five different weapons) were found on the side of the street where the five defendants positioned themselves. The voluntary manslaughter victim (a fellow shooter) died as a result of a gunshot wound to the torso. The attempted murder victim (a guest at the birthday party) was shot in the chest. Moeun was identified from videos.

In July 2016, the court sentenced Moeun to the term of 26 years 8 months in state prison: as to count one, he received the upper term of 11 years for voluntary manslaughter plus 10 years for the enhancement under section 12022.53, subdivision (b); as to count three, he received a consecutive term of 2 years 4 months, plus 3 years 4 months for the firearm use enhancement. All other charges and enhancements were dismissed.

B. <u>Petition for Resentencing</u>

In April 2020, Moeun filed a petition for resentencing pursuant to section 1170.95. Checking boxes on a preprinted form, he averred that an information filed against him allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, he pled guilty or no contest to first or second degree murder because he believed he could have been convicted of first or second degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine, and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189. He requested that counsel be appointed.

Without appointing counsel for Moeun, requesting briefing, or issuing an order to show cause, the trial court denied the petition on May 26, 2020, on the ground that Moeun "was not convicted of murder."

This appeal followed.

## II. <u>DISCUSSION</u>

A. <u>Section 1170.95</u>

Section 1170.95 offers potential sentencing relief for persons who were "convicted of first degree or second degree murder" under a felony murder theory or natural and probable consequences theory. (§ 1170.95, subd. (a).) Such a person may seek resentencing by filing a petition in the sentencing court that avers (1) an information was filed against the petitioner that allowed the prosecution to proceed under a felony murder theory or under the natural and probable consequences doctrine; (2) the petitioner was convicted of first or second degree murder following a trial, or accepted a plea offer in lieu of a trial at which the petitioner could be convicted of first degree or

3

second degree murder; and (3) the petitioner could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019.  (§ 1170.95, subd. (a)(1)–(3), (b)(1)(A).)  The petition should also identify the case number and year of conviction and state whether the petitioner requests appointment of counsel.  (§ 1170.95, subd. (b)(1)(B), (C).)  If a petition fails to include this information, the court may deny the petition without prejudice.  (§ 1170.95, subd. (b)(2); *People v. Lewis* (2021) 11 Cal.5th 952, 960 (*Lewis*).)

If the petition includes the information required by subdivision (b)(1) of section 1170.95, the court must review the petition to "determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."  (§ 1170.95, subd. (c).)  To assist the court in this regard, the prosecutor must file and serve a response to the petition, and the petitioner may file and serve a reply.  (§ 1170.95, subd. (c).)  If the petitioner requested counsel, the court must appoint counsel.  (§ 1170.95, subd. (c); *Lewis*, *supra,* 11 Cal.5th at p. 963.)

In deciding whether the petitioner has made a prima facie showing, the court may consider the petitioner's record of conviction.  (*Lewis, supra*, 11 Cal.5th at p. 970–972.)  The inquiry at this stage, however, is limited:  the court must take the petitioner's factual allegations as true and make a preliminary determination whether the petitioner would be entitled to relief if those allegations are true.  (*Id*. at p. 971.)  The court should not engage in factfinding that involves the weighing of evidence or the exercise of discretion.  (*Id*. at p. 972; see *People v. Duchine* (2021) 60 Cal.App.5th 798, 812–816 [trial court must accept the allegations in the petition as true unless the record of conviction conclusively disproves those facts as a matter of law].)

4

If the petitioner makes the requisite prima facie showing, the trial court must "issue an order to show cause." (§ 1170.95, subd. (c); see *Lewis, supra,* 11 Cal.5th at p. 962 [holding that § 1170.95, subd. (c) describes a single prima facie inquiry, such that a "prima facie showing that the petitioner falls within the provisions of" section 1170.95 is the same requirement as a "prima facie showing that he or she is entitled to relief"].) The court then holds a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) The prosecution has the burden "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

B. <u>The Court Erred by Not Appointing Counsel</u>

Moeun's petition included the information required by section 1170.95, subdivision (b)(1) and requested appointment of counsel. The trial court was therefore obligated to appoint counsel, and the court's failure to do so was error. (§ 1170.95, subd. (c); *Lewis, supra,* 11 Cal.5th at p. 963.)

C. <u>The Error Was Harmless</u>

An error in failing to appoint counsel under section 1170.95 is harmless if the petitioner is ineligible for relief under the statute as a matter of law. (*People v. Cooper* (2020) 54 Cal.App.5th 106, 112.) "[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis, supra,* 11 Cal.5th at

5

p. 974.) Here, there is no such probability. Notwithstanding Moeun's allegation that he was convicted of first or second degree murder, his record of conviction established that he was instead convicted of voluntary manslaughter and attempted murder. Because section 1170.95 offers relief only to those who were "convicted of first degree or second degree murder," he is ineligible for relief as a matter of law. (§ 1170.95, subd. (a)(2).)

Our appellate courts have consistently held that section 1170.95 does not apply to voluntary manslaughter. (E.g., *People v. Paige* (2020) 51 Cal.App.5th 194, 201 [First District]; *People v. Turner* (2020) 45 Cal.App.5th 428, 435–437 [Fourth District]; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 918–920 [Fourth District]; *People v. Flores* (2020) 44 Cal.App.5th 985, 992–997 [Fourth District]; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887–889 [Second District].)

Furthermore, although the issue is pending in our Supreme Court, Moeun acknowledges that no appellate court has held that section 1170.95 applies to defendants with final convictions for attempted murder. (*People v. Harris* (2021) 60 Cal.App.5th 557, 566 [Fourth District]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222–223 [Sixth District]; see *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1092–1093, 1103–1105 [Second District], review granted Nov. 13, 2019, S258175; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749–751 [Second District], review granted Nov. 26, 2019, S258234; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1008, 1017–1019 [Fifth District], review granted March 11, 2020, S259948; *People v. Larios* (2019) 42 Cal.App.5th 956, 970 [Fifth District], review granted Feb. 26, 2020, S259983; *People v. Love* (2020) 55 Cal.App.5th 273, 278–279 [Second District], review granted Dec. 16, 2020, S265445 [noting that some courts hold the natural and probable consequences theory was not eliminated for attempted murder at

all, some hold it was eliminated for attempted murder only prospectively, and others hold it was eliminated for attempted murder except, as would apply here, "retroactively as to final convictions"].)

Moeun contends the statute applies to him because, even though he was not convicted of murder, he could have been. He seizes on language in section 1170.95, subdivision (a)(2), which refers to a petitioner who is convicted at trial of murder or who accepted "a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder." He contends this language means a petitioner is eligible for relief if, like him, the petitioner accepted a plea offer for voluntary manslaughter.

The argument has been repeatedly rejected by appellate courts. Simply put, section 1170.95 offers relief only as to those who suffered a murder conviction under certain theories; subdivision (a)(2) merely explains that the conviction may have been obtained either by a jury verdict or by a plea. (*Paige*, *supra*, 51 Cal.App.5th at p. 202; *Sanchez*, *supra*, 48 Cal.App.5th at pp. 918–919; *Turner*, *supra*, 45 Cal.App.5th at p. 438.)

Moeun fails to establish reversible error.

### III.  DISPOSITION

The order is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

*People v. Moeun* / A160686

8